# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE HENDERSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF<br>HARTFORD,<br><br>　　　Defendant. | Case No. 2: 12-CV-00149-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Defendant Property and Casualty Insurance Company of Hartford's ("Defendant") Motion to Dismiss (#6). Plaintiff Arlene Henderson ("Plaintiff") filed an opposition (#11) to which Defendant replied (#12).

**I. Background**

Plaintiff's complaint arises from a personal automobile insurance policy issued by Defendant to Plaintiff. Plaintiff was injured in an automobile accident with a third-party driver on April 3, 2007. Plaintiff asserts that prior to the automobile accident she purchased an uninsured/under-insured motorist insurance policy ("UIM") from Defendant.

As a result of the negligence of the third-party driver, Plaintiff suffered medical injuries.

Subsequently, Plaintiff settled her claim with the third-party driver's insurance carrier for the policy limits. Plaintiff demanded the UIM policy limit from Defendant. Defendant refused to pay the amount demanded.

Plaintiff asserts five causes of action: breach of contract, contractual breach of the covenant of good faith and fair dealing, tortious breach of covenant of good faith and fair dealing, bad faith and violation of Nevada's Unfair Claims Practices Act. Defendant concedes Plaintiff's claim for breach of contract is well pled and does not move for its dismissal.

## II. Motion to Dismiss Standard

In a Motion to Dismiss under Fed R. Civ. P. 12(b)(6) the Court must consider all allegations of fact in the Complaint in the light most favorable to the nonmoving party. *Giligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997). Additionally, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In order for a complaint to survive a motion to dismiss under Rule 12(b)(6), "... a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must apply a two-pronged test to addressing dismissal, pursuant to *Iqbal* and *Twombly*. First, the court must accept as true all allegations contained in a complaint, but preclude bare recitals of the elements of a cause of action supported by conclusory statements. Second, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Facts merely consistent with a defendant's liability stop short of a plausible entitlement to relief. *Id*. 556 U.S. at 678. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n]" – that the pleader is entitled to relief.  Fed. Rule Civ. Proc. 8(a)(2); *Id*.

## III. Discussion

### A. Contractual Breach of the Covenant of Good Faith and Fair Dealing

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Const., Inc. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989). Where one party to a contract "deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 107 Nev. 226, 232, 808 P.2d 919, 923-24 (1991). The duty of good faith requires that neither party "do anything to destroy or injure the right of the other to receive the benefits of the contract." *Id*.

It is undisputed that Defendant has not disbursed the limit of the UIM Policy to Plaintiff. Plaintiff asserts Defendant breached its duty of good faith and fair dealing by refusing to properly compensate and refusing to make adequate payment to Plaintiff. Compl. at ¶¶ 28, 15. Plaintiff does not allege Defendant intended to interfere or deliberately contravene Plaintiff's right to receive a benefit. Other than conclusory assertions, the Complaint fails to allege facts showing that Defendant's decision to pay less than the limit of the UIM policy went against the intention and spirit of the contract. The Complaint fails to state a cause of action for breach of the covenant of good faith and fair dealing. Accordingly, Plaintiff's claim for contractual breach of the covenant of good faith and fair dealing is dismissed.

### B. Tortious Breach of Covenant and Bad Faith

"The 'bad faith' cause of action is actually one for breach of an implied covenant of good faith and fair dealing." *Vargas v. Cal. State Auto Assoc. Inter-Ins. Bureau*, 788 F.Supp 462, 465 (D.Nev. 2002). Plaintiff asserts duplicative causes of action for tortious breach of covenant and bad faith.

An insurer acts in bad faith when it refuses "'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *United Sated Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). Such conduct

3

is a breach of the covenant of good faith and fair dealing. *Id.* In order to establish a prima facie case of bad faith, a plaintiff must establish that "the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998). Insurers are not liable for bad faith for "being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co., Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F.Supp. 1237, 1242 (D.Nev. 1994).

Plaintiff alleges that "Defendant's refusal to make adequate payment to Plaintiff was made without a reasonable basis in fact or law and that Defendant's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of the contract for underinsured motorist coverage to Plaintiff." Compl. ¶¶ 13-14. Plaintiff's allegations are no more than labels and conclusions. *See Twombly*, 550 U.S. at 545. The Complaint merely restates the elements of "bad faith" and asserts, without facts, that Defendant's refusal to compensate was without proper cause. Accordingly, Plaintiff's claims for tortious breach of covenant and bad faith are dismissed.

### C. NRS 686A.310, Unfair Trade Practices

Nevada's unfair trade practices statute is detailed in NRS 686A.310. It designates certain insurance company activities to be unfair practices and by implication permits a private right of action by an insured against an insurer for violation of the statute. *See Hart v. Prudential Property and Casualty Ins. Co.*, 848 F.Supp. 900, 903 (D.Nev. 1994). The protections of NRS 686A.310 are broader than the tort of bad faith and extend to the processing of the claim. *Pioneer*, 863 F.Supp. at 1243. "Unlike a cause of action for bad faith, the provisions of NRS 686A.310 'address the manner in which an insurer handles an insured's claim [even if] the claim is denied.'" *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F.Supp.2d 1223, 1236 (D.Nev. 2010) (quoting *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1095 (D.Nev. 2006)).

NRS 686A.310(1) includes sixteen subsections. Plaintiff does not specify in her unfair trade

practices claim which subsection Defendant is supposed to have violated. In opposition to the instant motion, Plaintiff argues the conduct alleged constitutes a violation of NRS 686A.310(1)(e). However, Plaintiff's Complaint does not include facts to support this assertion. Plaintiff cannot rehabilitate the deficiencies of her Complaint by explaining in her opposition what she should have plead in her Complaint. *See Winkler v. Hartford Financial Services Group Inc.*, 2011 WL 1705559 (D.C. Nev. 2011) (dismissing claim where plaintiffs "do not allege any facts supporting a claim under Nevada's Unfair Claims Practices Act and do not even specify which portion of the act they allege Defendant violated."). Accordingly, Plaintiff's claims for violation of Unfair Trade Practices Act are dismissed.

### H. Leave to Amend

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ..." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff's breach of contract claim has not been dismissed. If Plaintiff decides to file an amended Complaint realleging the claims dismissed in this Order she must comply in every respect with the Federal Rules of Civil Procedure. Any amended Complaint should be filed on or before July 3, 2012. Failure to file in accordance with this Order will result in dismissal of these claims without leave to amend.

//
//
//
//

5

### III. Conclusion

**IT IS HERBY ORDERED THAT** Defendant's Motion to Dismiss (#6) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff may file an amended complaint that complies in every respect with the Federal Rules of Civil Procedure by July 3, 2012. Failure to do so will result in dismissal of these claims without further leave to amend.

Dated this 15th day of June 2012.

_____
Kent J. Dawson
United States District Judge