DARREN T. BRENNER
Nevada Bar No. 8386
DBrenner@LRLaw.com
LINDSAY C. DEMAREE
Nevada Bar No. 11949
LDemaree@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)
*Attorneys for Defendant
Property and Casualty Insurance
Company of Hartford*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARLENE HENDERSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:12-cv-00149-KJD-PAL<br><br>**REPLY IN SUPPORT OF HARTFORD'S MOTION TO CONDUCT DISCOVERY IN PHASES** |

Defendant Property and Casualty Insurance Company of Hartford ("Hartford") submits the following reply in support of its motion to conduct discovery in phases.

## I. PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS WILL FAIL.

Plaintiff argues that Hartford wants to preclude her from conducting relevant discovery. That clearly is not the case. Hartford only requests that the Court bifurcate discovery; Hartford has not requested a full discovery stay. If Hartford's pending dispositive motions are not granted, Plaintiff will be free to proceed on discovery relevant to her extra-contractual claims.[1]

Plaintiff urges the Court to deny this motion because she believes she has properly pled extra-contractual claims in her latest complaint. Doc. No. 25 at 12:17-21. Hartford's pending dispositive motions—a second motion to dismiss <u>and</u> a motion for summary judgment—are now

---

[1] Plaintiff's extra-contractual claims include her causes of action for contractual breach of covenant, bad faith, violations of the Nevada Unfair Claims Practices Act, and punitive damages.

fully briefed. *See* Docs. 17-18, 22 & 26. It remains dubious that Plaintiff's Second Amended Complaint will survive the second motion to dismiss, and it is a virtual certainty that the Court will grant summary judgment on the extra-contractual claims given that Plaintiff fails to produce a shred of evidence in opposition to Hartford's Motion for Summary Judgment. *See* Doc. 26. Moreover, <u>Plaintiff does not claim that any additional discovery is required to overcome summary judgment</u>. Rather, she relies solely on her allegations and the documents referenced in the complaint. *See* Doc. 22.

As demonstrated in Hartford's reply in support of the dispositive motions, Plaintiff's extra-contractual claims will fail. *See generally* Doc. 26. While the Court is encouraged to read the reply in full, Hartford will defeat the extra-contractual claims because Plaintiff cannot demonstrate that Hartford's decision was unreasonable. Hartford's decision follows an evaluation from a qualified medical expert, Dr. Hugh Selznick, who determined that the majority of the treatment Plaintiff received was related to preexisting injuries. Plaintiff's own orthopedic surgeon, Dr. John Thalgott, also agrees with Dr. Selznick's opinions. *See* Doc. 26 at 12:4-21. Plaintiff has not presented evidence that any expert will support causation in this case, much less that Hartford ignored such information when making its claim decision. Thus, not only has Plaintiff failed to plead a valid extra-contractual claim under Rule 12, but her claims cannot survive summary judgment given the evidence and the fact that Plaintiff does not argue that additional evidence is required to reach a decision on Hartford's motion.

Perhaps more importantly for the purposes of this motion, Plaintiff does not suggest to the District Court that any further discovery is required before it can determine whether she met her burden of production to prevent summary judgment. Consequently, the District Court will review the arguments and evidence on the record and decide whether Plaintiff's claims should be disposed without considering any additional evidence.

## II.    CLAIM HANDLING IS NOT RELEVANT TO PLAINTIFF'S CONTRACT CLAIM.

### A.    Plaintiff Proffers No Authority or Analysis to Support Her Position.

Plaintiff claims, without any citation to legal authority, that discovery on her contract claim cannot be distinguished from discovery on her extra-contractual claims. That alone is fatal to her

argument. *See Deguara v. Prop. & Cas. Ins. Co. of Hartford*, Case No. 2:11-cv-01973, 2012 U.S. Dist. LEXIS 80314, *3-4 (D. Nev. June 11, 2012) (citing LR 7-2(d)) ("[C]ase law is required to support every argument made before this Court.").

Plaintiff also provides no analysis as to how claim notes, bonus information, or anything else she seeks is relevant to her breach of contract claim. Rather, she rests on her counsel's recollection of an informal conference call with the Magistrate Judge, where the Magistrate suggested that claim notes may be relevant to a breach of contract claim. Plaintiff neglects to mention that the Magistrate also stated that she could not reach a decision on anything given that no briefs were on file. Moreover, much has changed since that informal call with the Magistrate. The District Court, as Hartford predicted, granted Hartford's first motion to dismiss. *See* Doc. 15. Plaintiff was given leave to amend, but she still is unable to plead a valid extra-contractual claim. Accordingly, Plaintiff's reliance on her counsel's recollection of an informal conference call with the Magistrate many months ago does not defeat this motion.

### B. Fault and Damages Are the Only Issues Salient to Plaintiff's Claim for Breach of Her UIM Contract.

Absent unusual circumstance—which are not present here—an alleged breach of an uninsured motorist policy involves only two questions: (1) who was at fault for the accident; and (2) was the insured compensated? *See Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002 (D. Nev. 2005); *see also Lee v. Allstate Ins. Co.*, 648 F. Supp. 1295, 1298 (D. Nev. 1986) (plaintiff must show "that the other driver was uninsured, that he was legally liable for the damages incurred, and the amount of damages sustained" to show legal entitlement to benefits under the policy).

*Drennan* is instructive. *See generally* 366 F. Supp. 2d 1002. There, the defendant, a UIM insurer, moved to dismiss Plaintiff's bad faith claim. The insurer argued that the claim was not ripe until Plaintiff demonstrated legal entitlement to UIM benefits. The Court opted to bifurcate rather than dismiss the bad faith claim, but, in doing so, it agreed with the gravamen of the insurer's argument. The Court explained:

> An insured may institute a bad faith action against his or her insurer once the insured establishes "legal entitlement" to an uninsured or under insured motorist policy and unreasonable

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89109

> conduct by the insurer concerning its obligations to the insured. "Legal entitlement" means that the insured is able to establish fault on the part of the uninsured motorist and the extent of the insured's damages.

*Id.* At 1005-06 (citing *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993)). Accordingly, a UIM breach of contract claim is a function of two questions: (1) can the insured establish that the other driver was at fault; and (2) does the insured have damages in excess of the tortfeasor's policy limits?

Plaintiff's complaint is consistent with the *Drennan* analysis. Plaintiff alleges that Hartford breached the policy by "refusing to properly compensate" her. Doc. 16 at ¶ 34. Consequently, this breach of contract claim is the same type of fault and valuation dispute at issue in *Drennan*. That is not a question of how Hartford handled the claim; it is a question of whether Plaintiff can demonstrate the tortfeasor's fault and her own damages. As *Drennan* explains, "If Plaintiffs do not prevail on their breach of insurance contract claim, there can be no basis for concluding that [the insured] acted in bad faith." *Drennan*, 366 F. Supp. 2d at 1007-08.

Although Plaintiff argues that the *Drennan* Court did not bifurcate discovery, *Drennan* is distinguishable on this point as there was not a dispositive motion pending that would dispose of the extra-contractual claims. On the contrary, the *Drennan* court expressly found that the plaintiff had, in fact, stated a bad faith claim. *Id.* at 1007. Here, not only are a motion to dismiss and motion for summary judgment pending but, as demonstrated, one or both of these motions are almost certain to be granted. The same can be said of *Cook v. United Services Automobile Association* where, like *Drennan*, the Court distinguished between contractual and extra-contractual evidence, recognizing that the bad faith claim involved evidence distinct from and irrelevant to the underlying breach of contract claim. 169 F.R.D. 359, 362 (D. Nev. 1996).[2] And, again like *Drennan* and unlike the case here, *Cook* did not involve a pending motion to dismiss. *See generally id.*

As explained in *Gavin's Ace Hardware, Inc.*, *Royal Bahamian Association*, and *Belmont*

---

[2] Stating: "In a bifurcated trial, the jury may hear the underlying underinsured motorist coverage claim without the issues being obscured by the concurrent presentation of evidence relating to the bad faith claims." *Cook*, 169 F.R.D. at 361.

*Holdings Corp.*,³ claim handling is not discoverable on a breach of contract claim.  Plaintiff argues that these cases are distinguishable because they did not involve a pending claim for bad faith, but that is precisely the point:  If there is not a bad faith claim—in this case a viable bad faith claim— then the manner in which a claim was handled is not discoverable.  This is because fault and damages are separate questions from whether the claim was handled reasonably.  *See Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994).

Plaintiff complains that she would be required to depose claim handlers twice, but that is not correct.  No claim handler was at the scene of the accident or treated Plaintiff for her injuries.  Thus, the claim handlers have no personal knowledge regarding the tortfeasor's liability for the accident or the extent of Plaintiff's resulting damages; their testimony is not calculated to lead to the discovery of evidence admissible for the breach of contract claim.  Hartford's "claim handlers" would, as their very name implies, only have knowledge of claim handling.

Thus, contrary to Plaintiff's unsupported argument, under the facts and allegations in this case, there is a distinct line between contractual and extra-contractual discovery.  Evidence related to Hartford's claim handling (including its training manuals and employee bonus structures) is clearly beyond the scope of Rule 26 for Plaintiff's breach of contract claim.  Because Plaintiff has yet to plead a valid extra-contractual claim, the doors to such extra-contractual discovery should not be unlocked at this stage.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Indeed, Plaintiff's extra-contractual claims are all but certain to be disposed, making such discovery a clear waste of resources and a tool for abuse.  *See* Fed. R. Civ. P. 1 (Rules shall "be construed and administered

---

³ *Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 124625, *8, 2011 WL 5104476 (M.D. Fla. Oct. 27, 2011) ("[D]iscovery into an insurer's claims handling practices, policies, and protocols is impermissible in a breach of contract claim."); *Royal Bahamian Ass'n v. QBE Ins. Corp.*, 745 F. Supp. 2d 1380, 1381 (S.D. Fla. 2010) ("[E]vidence of an insurance company's claims handling procedures is irrelevant to the determination of coverage and damages."); *Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, Civil Action No. 98-2365, 2000 U.S. Dist. LEXIS 17768, *5 (E.D. Pa. Dec. 7, 2000) ("Further, BHC has not demonstrated how its allegations regarding claims handling are related to its claims for . . . breach of contract . . . ."); *see also Brantley v. Safeco Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 138111, *8, 2011 WL 6012554 (W.D. Ky. Dec. 1, 2011) (bifurcating discovery of contract and bad faith claims and recognizing that discovery during contract phase should not require "premature disclosure of [insurer's] internal claims handling").  Similarly, a case-specific analysis under *Brantley v. Safeco Insurance Co. of America*, 2011 U.S. Dist. LEXIS 138111, *7-8, 2011 WL 6012554 (W.D. Ky. Dec. 1, 2011) demonstrates phased discovery is warranted here:  resolution of the breach of contract claim would dispose of Plaintiff's bad faith claim and "avoid premature disclosure of [Hartford's] internal claims handling."

to secure the just, speedy, and inexpensive determination of every action); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [summary judgment] proceedings.").[4] Accordingly, discovery in this case should be conducted in phases so that Plaintiff may proceed with extra-contractual discovery if and when her extra-contractual claims survive Hartford's pending motion.

### III. THIS IS NOT A MOTION TO COMPEL.

While Plaintiff spends pages arguing about claim notes, policy manuals, and salary information she claims should be produced, this is not a motion to compel, and there is no order requiring Hartford to disclose any additional documents. Rather, Hartford has properly moved for an order to conduct discovery in phases to resolve the parties' ongoing dispute on this issue. Plaintiffs' discovery will become moot if either of Hartford's dispositive motions is granted. Because the parties have been unable to resolve this issue on their own, Hartford has properly moved for a determination from the Court. *See* Doc. No. 21 at Ex. 3. Accordingly, the only limited question before the Court is whether it should exercise its discretion and order phased discovery on Plaintiff's extra-contractual claims.[5]

Even if the extra-contractual claims survive, Hartford disagrees that Plaintiff has properly limited the scope of her discovery, or that she has completed the meet and confer process. While

---

[4] *See also State Farm Mut. Auto. Ins. Co. v. Superior Court*, 804 P.2d 1323, 1326 (Ariz. Ct. App. 1991) (cautioning that allegations of bad faith are used to "coerce" settlement through burdensome extra-contractual discovery); Easterbrook, J., DISCOVERY AS ABUSE, 69 B. U. L. REV. 635, 638 (1989) ("Litigants with weak cases have little use for bringing the facts to light and every reason to heap costs on the adverse party -- on this supposition, the one in the right. The prospect of these higher costs leads the other side to settle on favorable terms.").

[5] There is no dispute that the Court may exercise its discretion and grant Hartford's request to conduct discovery in phases. *Little v. City of Seattle*, 868 F.2d 681, 685 (9th Cir. 1988) (recognizing the court's "wide discretion in controlling discovery"); *San Francisco Tech., Inc. v. The Glad Prods. Co.*, 2010 WL 2943537, *1 (N.D. Cal. July 26, 2010) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)) (recognizing the court's inherent authority to control the disposition of cases on its docket); *see also Kuzova v. U.S. Dep't of Homeland Sec.*, Case No. 2:10-cv-01711, 2011 WL 3422777 (D. Nev. Aug. 3, 2011) (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997)) ("In exercising that discretion, a court may relieve party of the burdens of discovery while a potentially dispositive motion is pending."); *U.S. Philips Corp. v. Synergy Dynamics Int'l, LLC*, Case No. 2:05-cv-00577, 2006 WL 3453225, *2-3 (recognizing the court's discretion, under Rules 1 and 26, to limit discovery pending the disposition of a dispositive motion; *cf.* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring the Court to limit the extent of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."); Fed. R. Civ. P. 26(f)(3)(B) (permitting phased discovery).

the parties discussed the discovery, Plaintiff has provided nothing in writing regarding any limitations to the scope of her discovery that would allow Hartford to further evaluate its responses.

In the meantime, Hartford already produced the documents related to the breach of contract claim, including, among other things, records obtained from Plaintiff's medical providers and the reports of Hartford's expert, Dr. Selznick. Plaintiff complains that Hartford's production includes nothing she did not already have. The fact that Plaintiff already had information concerning her accident and her alleged injuries does not mean that Hartford's production on the breach of contract claim is insufficient. It merely means that the information necessary to determine the breach of contract claim is primarily in Plaintiff's possession. Moreover, her claim that Hartford produced nothing new is contradicted by the allegations of the Second Amended Complaint, which specifically claims that Hartford did not provide her a copy of Dr. Selznick's report (because she never requested the report). Doc. 16 at ¶ 24. That report, and a supplement, were produced in litigation.[6]

Finally, Plaintiff's opposition states, "Importantly, Hartford's Motion makes no mention of the specific discovery requested by Plaintiff." Doc. 25 at 11:12-13. If that is what Plaintiff truly believes, then she did not read page 5 of Hartford's motion, which specifically addresses the discovery sought. *See* Doc. 21 at 5:14-24 and Plaintiff's discovery requests, attached as Ex. 1 thereto. As noted in Hartford's motion, Plaintiff's requests, which go well beyond claim notes, seek irrelevant information under the guise of extra-contractual discovery. The parties could engage in motion practice concerning whether bonus structure and 20+ years of claim handling and training manuals are relevant to Plaintiff's claims, or the parties could wait for a decision on the dispositive motions, at which time the entire issue will likely become moot.

/ / /

/ / /

/ / /

/ / /

---

[6] Hartford also produced a supplemental report from Dr. Selznick on July 27, 2012. *See* Ex. 8 to Doc. 26.

-7-

## IV. CONCLUSION.

As set forth above, discovery should be conducted in two phases—one phase on Plaintiff's breach of contract claim and another phase on any extra-contractual claims that remain after Hartford's motion to dismiss or, in the alternative, motion for summary judgment is decided.

RESPECTFULLY SUBMITTED this 13th day of August, 2012.

                              LEWIS AND ROCA LLP

                              BY: */s/ Lindsay Demaree*
                                  DARREN T. BRENNER
                                  Nevada Bar No. 8386
                                  LINDSAY C. DEMAREE
                                  Nevada Bar No. 11949
                                  3993 Howard Hughes Parkway, Suite 600
                                  Las Vegas, Nevada 89169
                                  *Attorneys for Defendant Property and Casualty Insurance Company of Hartford*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

544542.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

> Corey M. Eschweiler
> Adam D. Smith
> Glen J. Lerner & Associates
> 4725 South Durango Drive
> Las Vegas, NV  89147

Dated:   August 13, 2012.

> */s/Jessie Helm*
> An Employee of Lewis and Roca LLP